Stephen F. Smith
steve@smithmcowenlaw.com
Idaho Bar 2165
Smith & McOwen, Attorneys at Law
102 Superior Street
Sandpoint, ID 83864
Phone: (208) 263-3115

Mathew D. Staver (Fla. 0701092)
court@lc.org
Horatio G. Mihet (Fla. 026581)
hmihet@lc.org
Daniel J. Schmid (VA 84415)
dschmid@lc.org
Richard L. Mast (VA 80660)
rmast@lc.org
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Facsimile: (407) 875-0770
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MAJOR DAVID T. WORLEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRAD LITTLE, in his official capacity as Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard; MAJOR GENERAL TIMOTHY J. DONNELLAN, in his official capacity as Adjutant General of the Idaho National Guard; BRIGADIER GENERAL JAMES C. PACKWOOD, in his official capacity as Assistant Adjutant General of the Idaho Army National Guard,<br><br>　　　　Defendants. | Case. No.: <u>1:25-cv-25-DKG</u><br><br>MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION. |

Plaintiff, Major David T. Worley, pursuant to Fed. R. Civ. P. 65 and Local Rule Civ. 7.1, hereby moves the Court for a Temporary Restraining Order and Preliminary Injunction, as requested in his Verified Complaint, filed simultaneously herewith, restraining and enjoining Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with Defendants' "No Christians in Command" Policy, to wit: (1) Defendants will immediately cease any and all investigations, disciplinary proceedings, administrative proceedings, or any other form of retaliatory punishment for Plaintiff's exercise of his constitutionally and statutorily protected rights to private speech and religious exercise; (2) Defendants will immediately cease any and all efforts to administratively separate Plaintiff from the full-time Idaho Army National Guard; (3) Defendants will immediately restore Plaintiff to the status quo ante, that is— to his prior position before the EO Complaint, institution of the retaliatory administrative investigation, disciplinary procedures, and administrative separation orders; and (4) Defendants will immediately cease enforcement or application of the "No Christians in Command" Policy, or any derivation thereof.

The purpose of a TRO is to preserve the status quo between the parties before the Court can hear the matter on the merits, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009), and the relevant status quo is the "*status quo ante litem*" or "the last uncontested status which preceded the pending controversy." *Regents of the Univ. of Cal. v. Am. Broad. Co., Inc.*, 747 F.2d 511, 514 (9th Cir. 1984). For the reasons articulated in the accompanying Memorandum of Law in Support, the Motion should be granted and the TRO issued.

Respectfully submitted,

/s/ Stephen F. Smith
Stephen F. Smith
steve@smithmcowenlaw.com
Idaho Bar 2165
Smith & McOwen, Attorneys at Law
102 Superior Street
Sandpoint, ID 83864
Phone: (208) 263-3115

/s/ Daniel J. Schmid
Mathew D. Staver
Florida 0701092
court@lc.org
Horatio G. Mihet
Florida 026581
hmihet@lc.org
Daniel J. Schmid
Virginia 84415
dschmid@lc.org
Richard L. Mast
Virginia 80660
rmast@lc.org
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Facsimile: (407) 875-0770
*Attorneys for Plaintiff*

2