RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

MATTHEW MAURER, ISB #12575
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
matthew.maurer@ag.idaho.gov

*Attorneys for Defendant
Governor Brad Little*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAJOR DAVID T. WORLEY, | Case No. 1:25-00025-DKG |
| *Plaintiff,* | |
| *v.* | **BRIEF IN SUPPORT OF GOVERNOR LITTLE'S MOTION TO DISMISS** |
| BRAD LITTLE, in his official capacity as Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard; MAJOR GENERAL TIMOTHY J. DONNELLAN, in his official capacity as Adjutant General of the Idaho National Guard; BRIGADIER GENERAL JAMES C. PACKWOOD, in his official capacity as Assistant Adjutant General of the Idaho Army National Guard, | |
| *Defendants.* | |

Governor Little is not a proper party to this lawsuit and should be immediately dismissed. Plaintiff has included Governor Little, in his official capacity, as a Defendant in this lawsuit. However, Plaintiff has failed to allege any facts upon which he is entitled to relief as to the Governor—because the Governor had no role or involvement with the federal regulations and processes at issue in this case. Similarly, Plaintiff has failed to show how this suit, both the federal and state law claims, is not barred by Eleventh Amendment Immunity, which prohibits lawsuits against states, state instrumentalities, and state officials without their consent.

Notably, the only time Governor Little is referenced in the Complaint is in his role as the Commander-in-Chief of the Idaho National Guard ("IDNG"). Because *respondeat superior* does not apply to lawsuits of this type, the Governor's role as Commander-in-Chief is insufficient for liability to attach. Moreover, because Governor Little has no role or involvement with any federal functions and processes challenged by Plaintiff, the Governor cannot redress any of the alleged policies or decisions at issue. Accordingly, under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Governor Little moves to dismiss with prejudice all claims directed against him.[1]

---

[1] As will be explained further below, Governor Little, represented by the undersigned, is the only known state defendant in this case. Brigadier General James C. Packwood was, at all times relevant to the allegations in the Complaint, serving as a federal agent pursuant to federal regulations. Accordingly, Brigadier General James C. Packwood is represented by the United States Attorney's Office for the District of Idaho. The United States has not yet determined whether Major General Donnellan was acting in his federal capacity for purposes of the allegations in the Complaint.

**Plaintiff's Allegation Against Governor Little**

In his Complaint [Dkt. 1], Plaintiff has alleged various federal constitutional claims, and a violation of the Idaho Free Exercise of Religion Protected Act ("FERPA"). The claims are based on a non-existent policy concocted by Plaintiff and labeled the "No Christians in Command" policy. Plaintiff fails to allege any facts supporting the existence of such a policy, and further, fails to allege any actions taken by Governor Little related to this non-existent policy. Moreover, Plaintiff does not reference a single regulation, process, or action that even contemplates the Governor's involvement. Plaintiff simply names Governor Little, in his official capacity, as one of the Defendants. This is not sufficient.

Among nearly 45 pages of allegations, Plaintiff mentions Governor Little in only one paragraph. In paragraph 34, Plaintiff alleges: "Defendant, BRAD LITTLE, is the Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard. Governor Little is sued in his official capacity." Compl. ¶ 34 [Dkt. 1]. Based on this lone allegation, it appears that Plaintiff named Governor Little because of his role as the Commander-in-Chief of the IDNG. But this bare reference to his Commander-in-Chief role is not sufficient to state a claim against Governor Little. Therefore, the Court should dismiss with prejudice all claims against Governor Little.

## LEGAL STANDARD

Governor Little is moving to dismiss under both 12(b)(1), for lack of subject-matter jurisdiction, and 12(b)(6), for failure to state a claim. Under Rule 12(b)(1), a party may move for dismissal of an action for lack of subject-matter jurisdiction. It is well established that the party seeking to invoke the jurisdiction of the federal courts has the burden of establishing

that jurisdiction exists. *Assoc. of Am. Medical Colleges v. United States,* 217 F.3d 770, 778–79 (9th Cir. 2000). "A motion under Rule 12(b)(1) can either be "facial," attacking a pleading on its face and accepting all allegations as true, or "factual," contesting the truth of some or all of the pleading's allegations as they relate to jurisdiction." This motion is facial. *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1126 (C.D. Cal. 2012) (citation omitted). That is, Governor Little accepts the jurisdictional facts pled as true for purposes of this motion and reserves the right to challenge the factual allegations should this matter proceed to a determination on the merits, but nonetheless moves for dismissal based on Eleventh Amendment immunity.[2] The Eleventh Amendment bars suits against state officials sued in their official capacities. *Flint v. Dennison*, 488 F.3d 816, 824 (9th Cir. 2007) (citation omitted).

"In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *Nichols*, 859 F. Supp. 2d at 1126 (citing *Sea Vessel Inc. v. Reyes,* 23 F.3d 345, 347 (11th Cir. 1994)). "The material factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject-matter jurisdiction." *Id.* (citing *Savage v. Glendale Union*

---

[2] Eleventh Amendment immunity can be raised in either a Rule 12(b)(1) or 12(b)(6) motion:

> A sovereign immunity defense is "quasi-jurisdictional" in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion. Compare *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) ("Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit."), with *Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1140 (9th Cir. 2002) (deciding sovereign immunity question on appeal of the district court's grant of a Rule 12(b)(6) motion).

*Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

*High Sch. Dist. No. 205,* 343 F.3d 1036, 1039 n.1 (9th Cir.2003)); *see also Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011) ("For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party.") (quoting *Warth v. Seldin,* 422 U.S. 490, 501 (1975)).

Under Rule 12(b)(6), Defendants may attack the legal sufficiency of a complaint by moving to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint based on either (i) "a lack of cognizable legal theory" or (ii) "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (citation omitted). A complaint must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (cleaned up). "Although for the purposes of this motion to dismiss [the Court] must take all the factual allegations in the complaint as true, [the Court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor should the Court accept conclusory allegations, "unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Under both the standard for Rule 12(b)(1), and the standard for Rule 12(b)(6), the Court should dismiss Governor Little with prejudice.

ARGUMENT

## I. Governor Little is immune from suit under the Eleventh Amendment.

In general, the Eleventh Amendment prohibits lawsuits against states and state officials in their official capacity. *Flint*, 488 F.3d at 824. While there is an exception to this prohibition in cases seeking declaratory and injunctive relief, that exception never applies to lawsuits seeking relief under state law, and the exception doesn't apply to Governor Little here because he is not a proper defendant.

### A. Plaintiff's federal claims against the Governor must be dismissed.

"The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief." *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 900 (2022) (citation omitted). Unless a state has consented to being sued or an exception applies, states are immune from suit. This Eleventh Amendment immunity also extends to state officials sued in their official capacities. *Flint*, 488 F.3d at 824. The Supreme Court has recognized an exception to Eleventh Amendment sovereign immunity for certain suits seeking declaratory and injunctive relief against state officers in their official capacities. *See Ex parte Young*, 209 U.S. 123 (1908).

Plaintiff has sued Governor Little in his official capacity in this case [Dkt. 1 at 1] and has requested money damages [*id.* at 42]. Even if the *Ex parte Young* exception to Eleventh Amendment immunity were to apply to Governor Little (which it does not, as discussed below), that exception only permits claims for declaratory and injunctive relief. Thus, all of Plaintiff's claims for money damages against Governor Little are barred by Eleventh Amendment immunity and must be dismissed.

**B.  Plaintiff's state claim under Idaho's FERPA must be dismissed.**

Among his claims, Plaintiff has alleged a violation of "Idaho's Free Exercise of Religion Protection Act (sic) ("FERPA")." Dkt. 1 at ¶ 205; Idaho Code § 73-402. Like the federal claims, the Governor is immune from this state claim as well under the Eleventh Amendment. Neither the state nor the Governor has consented to this lawsuit. And the exception under *Ex parte Young* does not apply to Plaintiff's FERPA claim because that exception "does not apply when a suit seeks relief under state law, even if the plaintiff names an individual state official rather than a state instrumentality as the defendant." *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984); *see also Mazur v. Hymas*, 678 F. Supp. 1473, 1476 (D. Idaho 1988) (dismissing Idaho Tort Claims Act claim under Eleventh Amendment immunity).

Plaintiff's FERPA claim against Governor Little must be dismissed because the Governor has Eleventh Amendment immunity to this claim, and there is no possible exception.

**C.  The *Ex parte Young* exception does not apply to Plaintiff's claims for injunctive relief because the Governor is not a proper defendant.**

The exception to Eleventh Amendment immunity under *Ex parte Young* allows suits against state officers for declaratory and injunctive relief—but only if the state officer is a proper defendant. Under Ninth Circuit precedent, a proper defendant under the *Ex parte Young* exception is a state officer who has a connection with the enforcement of the statute or policy being challenged. *Regents of the Univ. of Cal.*, 891 F.3d at 1153. But a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the

challenged provision will not subject an official to suit. *Animal Legal Def. Fund v. Otter*, 44 F. Supp. 3d 1009, 1016 (D. Idaho 2014) (citing *Ex parte Young*, 209 U.S. 123, 157 (1908); *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992)); accord *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) ("Governor Brown is entitled to Eleventh Amendment immunity because his only connection to § 25982 is his general duty to enforce California law.").

### i. The Governor does not have any involvement or role regarding federal regulations and policy.

As discussed in more detail below, the policies and processes underlying Plaintiff's claims are all governed by federal regulation. Clearly Governor Little has no role in dictating federal regulations, nor does he have any involvement with the federal policies and processes Plaintiff complains of in this suit. Governor Little thus lacks *any* connection with the enforcement of the challenged policies, let alone a "fairly direct" connection to those policies (*see Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)).

Governor Little, as Commander-in-Chief of the IDNG, has general supervisory authority over the state functions and operations of the Idaho National Guard. But this is not enough to make him a proper defendant under the *Ex parte Young* exception. Even if Plaintiff were complaining of alleged actions taken by National Guard officials in their state capacity (which he is not, the Complaint involves only federal actions), Governor Little *still* would not be a proper defendant under the *Ex parte Young* exception. As in *Animal Legal Defense Fund*, Governor Little's "general broad powers to enforce or execute the laws of a state" "are not

sufficient to make the officer a proper party defendant." 44 F. Supp. 3d at 1017 (citations omitted).

Governor Little is thus not a proper defendant under *Ex parte Young* and Eleventh Amendment immunity shields him from suit here—not just for money damages, but for declaratory and injunctive relief as well. All claims against Governor Little must be dismissed.

## II. The Complaint fails to state a claim against Governor Little.

Even if Governor Little were not immune from suit under the Eleventh Amendment, the suit against him should still be dismissed because Plaintiff has failed to properly state a claim. Simply put, Plaintiff has alleged no facts against Governor Little, let alone "enough facts to state a claim that is plausible on its face." *see Twombly,* 550 U.S. at 570. In nearly 45 pages of pleadings, Plaintiff alleged that an "unlawful EO Complaint" was filed against him by "Complaining Guardsman" [Dkt. 1 at 14], that he was threatened with punishment by his "chain of command" unless he voluntarily resigned [*id.* at 15–16], that a "sham" investigation against him was conducted by "Investigating Officer" [*id.* at 17], and that a "No Christians in Command" policy was enforced against him by Defendant Brigadier General Packwood [*id.* at 22]. Plaintiff has offered not a word against Governor Little, except to note that he is the "Commander-in-Chief of the Idaho National Guard." *Id.* at ¶ 34. It is not enough to allege that Governor Little, at any level, is responsible for enforcing IDNG policy. Nor is it enough to allege that Governor Little has supervisory authority here. And in fact, Plaintiff does not even allege those things, he only implies them. Plaintiff's implications are no substitute for a

short and plain statement showing entitlement to relief, as required by Rule 8. F.R.C.P. 8(a)(2). This Court should therefore dismiss Governor Little from the case.

### A. There are no factual allegations against the Governor in the Complaint.

Plaintiff has offered page after page of allegations against the "Complaining Guardsman," his "chain of command," the "Investigating Officer," and General Packwood, but not a single factual allegation against the Governor. In other words, Plaintiff has failed to show that Governor Little is liable for any possible misconduct alleged—that's because there was no misconduct alleged against the Governor. Plaintiff has alleged merely that Governor Little is the Commander-in-Chief of the IDNG. Dkt. 1 at ¶ 34. At most, this would allow the Governor to guess at what he's supposed to have done wrong. But requiring a defendant to guess at what claim is being lodged against him runs counter to the concept of fair notice. The Complaint fails to state a claim against Governor Little under Rule 8 and all claims against Governor Little should be dismissed.

### B.  Vicarious liability or *respondeat superior* does not apply.

In lawsuits brought under 42 U.S.C. § 1983,[3] a government official cannot be held liable for the unconstitutional conduct of his subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) ("finding no vicarious liability for a municipal 'person' under 42 U.S.C. § 1983")). In other words, it is not enough to allege that Governor Little is the "Commander-in-Chief of the Idaho National

---

[3] Plaintiff does not explicitly state but does allude to the fact that this action is brought under 42 U.S.C. § 1983 (*see* [Dkt. 1 at 43] (requesting attorney's fees and costs under 42 U.S.C. § 1988)). Regardless, Plaintiff's claims would clearly fall under § 1983, which provides for a cause of action against state officers for alleged rights violations.

Guard" [Dkt. 1 at ¶ 34] and thereby impute to Governor Little any alleged actions taken by his subordinates. Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In the context of discrimination claims under the First Amendment, it is not even enough to allege that a supervisor had knowledge of his subordinate's discriminatory practice and purpose. *Id.* at 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

Plaintiff attempts to assert constitutional violations against the Governor by referring to "Defendants" generally and attributing the non-existent "No Christians in Command" policy to all named defendants. [Dkt. 1 at ¶ 132]. But like the allegations of religious discrimination in *Iqbal*, Plaintiff's "bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim, … [A]s such, the allegations are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681 (citations omitted).

Indeed, the Supreme Court's *Iqbal* case provides a useful analogue to this case. The plaintiff in *Iqbal*, a Muslim, complained of an alleged policy that invidiously targeted him because of his religion. *Id.* at 680–81. High-level government officials, Iqbal alleged, "knew of" and "condoned" this "invidious policy." *Id.* The Supreme Court rejected Iqbal's complaint as insufficient, finding the complaint had failed to allege a plausible constitutional claim against the government officials. *Id.* at 680. The Court reasoned that, because the doctrine of *respondeat superior* was inapplicable to these types of constitutional claims, the plaintiff's failure to allege

sufficient facts connecting the government officials to the alleged invidious policy was fatal to his complaint. *Id.* at 683.

Here, the same reasoning applies: Worley, like Iqbal, attempts to make out a constitutional claim by alleging an invidious policy that targets him because of his religion. Just as the complaint in *Iqbal* failed to plausibly connect the high-level government officials to the alleged invidious policy, so too Plaintiff's Complaint has failed to plausibly connect Governor Little to the alleged "No Christians in Command" policy. Plaintiff cannot rely on the theory of *respondeat superior* to impute this imagined policy to Governor Little. *See id.* The Complaint must therefore be dismissed for failure to state a plausible claim against the Governor.

## C. Plaintiff lacks standing to sue Governor Little, who has no role in redressing the federal policies and procedures highlighted in the Complaint.

The National Guard comprises a hybrid of both state and federal functions. *See generally Stirling v. Minasian*, 955 F.3d 795, 798 (9th Cir. 2020). Governor Little does not have any role or involvement regarding the federal functions—including the policies and procedures at issue in this case. Instead, as Commander-in-Chief of the IDNG, the Governor has authority over state functions and personnel operating pursuant to state regulations. This means that Plaintiff does not have standing to assert a claim against Governor Little. To demonstrate standing, a plaintiff must show, *inter alia*, a "requisite causal connection between [a state officer's] responsibilities and any injury that the plaintiff[] might suffer, such that relief against the defendant[] would provide redress." *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992). Plaintiff has failed to do so here.

Under U.S. code subsection 502(f) of title 32, a broad swath of National Guard activity falls within federal status. *See Jackson v. Tate*, 648 F.3d 729, 736 (9th Cir. 2011) (citing 32 U.S.C. § 502(f)(1)). This includes the activities of Plaintiff's Recruiting and Retention unit. *Id.* It also includes the equal opportunity (EO) complaint process that was the genesis of Plaintiff's claims. That EO complaint process is dictated by Army Regulation (AR) 600-20 and Chief National Guard Bureau Instruction (CNGBI) 9601.01, both of which are federal regulations implementing federal policies. Neither of these regulations even contemplates the Governor's involvement, let alone provides him any authority in this arena.

Likewise, the investigation into Plaintiff [Dkt. 1 at 15–22] and the General Officer's Memorandum of Reprimand attached to the Complaint [Dkt. 1-5] are both governed by Army Regulations—AR 15-6 and AR 600-37, respectively. Neither of these regulations involves the Governor at any level. Nor is the Governor involved in any process of "curtail[ing] [Plaintiff's] active-duty status" [Dkt. 1 at 40] as set forth in Plaintiff's prayer for relief. That process is governed by federal law and policy—National Guard Regulation (NGR) 600-5. The bottom line is that Governor Little did not cause Plaintiff's alleged injuries—the Governor had no role in the federal processes Plaintiff complains of. Nor does the Governor have the ability to provide Plaintiff his requested relief. Accordingly, Governor Little must be dismissed for lack of standing.

## CONCLUSION

The Eleventh Amendment bars Plaintiff's claims against Governor Little. Furthermore, Plaintiff's only allegation against Governor Little is that he is Commander-in-

Chief of the Idaho National Guard. But because the Governor has no role or involvement with the federal regulations and processes at issue in this suit, Plaintiff's allegations do not state a legal claim against Governor Little. Therefore, under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Governor Little requests that the Court dismiss all claims against him with prejudice and provide all other relief that is just.

DATED: February 24, 2025.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By: /s/ Matthew L. Maurer
MATTHEW L. MAURER
Deputy Attorney General

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Stephen F. Smith                                   Horatio G. Mihet
steve@smithmcowenlaw.com              hmihet@lc.org

Daniel J. Schmid
dschmid@lc.org

*Attorneys for Plaintiff*


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid and addressed as follows:

Mathew D. Staver and Richard L. Mast
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854

court@lc.org
rmast@lc.org

*Attorneys for Plaintiff*


                                        */s/ Matthew L. Maurer*
                                        Matthew L. Maurer