Stephen F. Smith
steve@smithmcowenlaw.com
Idaho Bar 2165
Smith & McOwen, Attorneys at Law
102 Superior Street
Sandpoint, ID 83864
Phone: (208) 263-3115

Mathew D. Staver (Fla. 0701092)
court@lc.org
Horatio G. Mihet (Fla. 026581)
hmihet@lc.org
Daniel J. Schmid (VA 84415)
dschmid@lc.org
Richard L. Mast (VA 80660)
rmast@lc.org
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Facsimile: (407) 875-0770
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MAJOR DAVID T. WORLEY,<br><br>       Plaintiff,<br><br>v.<br><br>BRAD LITTLE, in his official capacity as Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard; MAJOR GENERAL TIMOTHY J. DONNELLAN, in his official capacity as Adjutant General of the Idaho National Guard; BRIGADIER GENERAL JAMES C. PACKWOOD, in his official capacity as Assistant Adjutant General of the Idaho Army National Guard,<br><br>       Defendants. | Case. No. 1:25-cv-25-DCN<br><br>BRIEF IN SUPPORT OF MOTION TO ENTER PRELIMINARY INJUNCTION AGAINST ALL DEFENDANTS AND DEFAULT ON DEFENDANTS PACKWOOD AND DONNELLAN FOR FAILURE TO RESPOND. |

Plaintiff, Major David T. Worley, pursuant to Fed. R. Civ. P. 55(a) and D. Idaho Loc. Civ. R. 7.1(b), hereby files the Brief in support of his Motion to immediately enter a Preliminary Injunction against all Defendants, and a Default against Major General Timothy J. Donnellan, in his official capacity as Adjutant General of the Idaho National Guard and Brigadier General James C. Packwood, in his official capacity as Assistant Adjutant General of the Idaho Army National Guard. For the reasons that follow, the Motion should be granted.

## ARGUMENT

**I.     The Preliminary Injunction Should Issue Against All Defendants Because All Defendants Failed To Respond Or Oppose Major Worley's Motion For Temporary Restraining Order And Preliminary Injunction.**

   **A.     All Defendants failed to respond to Major Worley's Motion for Temporary Restraining Order and Preliminary Injunction.**

Major Worley filed this action on January 17, 2025, with the filing of his Verified Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief, Declaratory Relief, and Damages (dkt. 1) and filed, simultaneously therewith, a Motion for Temporary Restraining Order and Preliminary Injunction (dkt. 2). On January 21, 2025, the Court issued the Summons to all Defendants. (*See* dkt. 8, 8-1, 9-2.)

On February 3, 2025, Defendant, Governor Brad Little, was served with the summons, Major Worley's complaint and motion. (*See* dkt. 9.) Defendant Governor Little's responsive pleading deadline was February 24, 2025. (*See id.*) Defendant Governor Little filed a responsive pleading to the Complaint but failed to respond in opposition to the Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 2.)

On January 29, 2025, Defendant, Brigadier General James C. Packwood, was served with the summons, Major Worley's complaint and motion. (*See* dkt. 10.) Defendant Brigadier General

Packwood's responsive pleading was due February 19, 2025. (*See id.*) Defendant Packwood has not appeared, filed a responsive pleading, or opposed Major Worley's motion.

On January 29, 2025, Defendant, Major General Timothy J. Donnellan, was served with the summons, Major Worley's complaint and motion. (*See* dkt. 11.) Defendant Major General Donnellan's responsive pleading was therefore due on February 19, 2025. (*See id.*) Defendant Donnellan has not appeared, filed a responsive pleading, or opposed Major Worley's motion.

> **B.     Defendants' failure to respond in opposition to a motion requires granting Major Worley's Motion for Preliminary Injunction.**
>
> **1.     The Court's Local Rules require granting a motion when a party fails to timely respond.**

As an initial matter, this Court's Local Rules require that a response to any motion must be filed within twenty-one (21) days after services of the motion. D. Idaho L. Civ. R. 7.1(c)(1) ("The responding party must serve and file a response brief, not to exceed twenty (20) pages, within twenty-one (21) days after service upon the party of the memorandum of points and authorities of the moving party. ")). Failure to properly and timely respond to a motion is a waiver of any opposition and consent to the relief requested therein. As a matter of plain text, this Court's Local Rules require granting Major Worley's Motion for Preliminary Injunction. *See* D. Idaho L. Civ. R. 7.1(e). Specifically, this Court's Rule require: "if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a *consent to the sustaining of said pleading or the granting of said motion or other application.*" *Id.* (emphasis added). *See also Coy v. U.S. Dep't of Veterans Affairs*, 2018 WL 2146588, *3 (D. Id. May 16, 2019) ("Plaintiff's failure to respond to the Motion to Dismiss is deemed to constitute his consent to the granting of the motion and/or his waiver to the same."); *id.* (granting Motion when opposing party failed to comply with Local Rules requiring timely opposition).

2

## 2. Binding precedent requires granting a motion to which a party fails to timely respond.

Binding precedent also requires that Defendants' failure to respond to Major Worley's Motion for Temporary Restraining Order and Preliminary Injunction constitutes a waiver and consent to the relief requested therein. *See Packnett v. Gomez*, 182 F.3d 926, *2 (9th Cir. 1999) ("the district court did not abuse its discretion by finding that his failure to respond to the motion for summary judgment constituted a waiver of the unaddressed claims" (citing *Brydges v. Lewis*, 12 F.3d 652, 653 (9th Cir. 1993)). *See also Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579, 579 (9th Cir. 2015) ("waived its [opposition] arguments by not raising it in opposition to the motion."). Indeed, a defendant who fails to file any opposition to a motion has abandoned any claim against the relief requested. *E.g.*, *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (a party who "fails to raise the issue in response to [a motion] . . . has effectively abandoned his claim"); *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (holding that a party "abandons [her claims] by not raising them in opposition" to a motion); *Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, *9 n.2 (N.D. Cal. Mar. 10, 2010) ("The Court construes his failure [to respond to claims in the motion] as an abandonment of those claims."). Simply put, Defendants' failure to respond to Major Worley's motion for injunctive relief is a waiver of any such opposition and requires entry of the preliminary injunction. *E.g.*, *United States v. Doe*, 202 WL 1880974, *2 (W.D. Tex. Mar. 31, 2020) ("Defendants' failure to appear constitutes a waiver of his right to respond to the United States' application for a preliminary injunction."); *id.* (entering preliminary injunction as requested).

In fact, beyond mere waiver, Defendants' "*silence [is] a concession*" that Major Worley is entitled to a preliminary injunction. *Cal. Grocers Ass'n v. City of Santa Ana*, 2021 WL 4439092,

\*2 (C.D. Cal. June 30, 2021) (emphasis added) (a party concedes the argument when it "did not address this point in its opposition to the motion").

\*    \*    \*

Because all three Defendants failed to provide any response to Major Worley's Motion (dkt. 2), despite having been properly served (and in the case of the Governor, entering an appearance and moving to dismiss), the Court must grant the instant Motion and enter a Preliminary Injunction as requested in Major Worley's Motion (dkt. 2, at 2.).

**II.   The Court Should Enter Default Against Defendant Major General Donnellan and Brigadier General Packwood For Failing To Time Respond To Major Worley's Complaint.**

**A.   Defendants Packwood and Donnellan Have Not Filed Responsive Pleadings.**

Major Worley filed this action on January 17, 2025, with the filing of his Verified Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief, Declaratory Relief, and Damages (dkt. 1) and filed, simultaneously therewith, filed a Motion for Temporary Restraining Order and Preliminary Injunction (dkt. 2). On January 21, 2025, the Court issued the Summons to all Defendants. (*See* dkt. 8, 8-1, 9-2.)

On January 29, 2025, Defendant, Brigadier General James C. Packwood, was served with the summons, Major Worley's complaint and motion. (*See* dkt. 10.) Defendant Brigadier General Packwood's responsive pleading was due February 19, 2025. (*See id.*) Defendant Packwood has not appeared or filed a responsive pleading.

On January 29, 2025, Defendant, Major General Timothy J. Donnellan, was served with the summons, Major Worley's complaint and motion. (*See* dkt. 11.) Defendant Major General Donnellan's responsive pleading was therefore due on February 19, 2025. (*See id.*) Defendant Donnellan has not appeared or filed a responsive pleading.

4

To make matters worse, despite being properly served with the summons and Verified Complaint (*see* dkts. 10, 11), Defendants Packwood and Donnellan are plainly aware of the Complaint, the claims against them, and even what defenses they might assert in opposition to Major Worley's claims against them. Indeed, Governor Little's Motion to Dismiss brief (dkt. 13-1) plainly states that these other two Defendants are aware of the allegations, but are trying to determine their representation, as if they had infinite time to do so. (Dkt. 13-1, at 2 n.1 ("Accordingly, Brigadier General James C. Packwood is represented by the United States Attorney's Office for the District of Idaho. The United States has not yet determined whether Major General Donnellan was acting in his federal capacity for purposes of the allegations in the Complaint.") Despite this, neither Defendant Packwood nor Defendant Donnellan have done as required by the federal rules.

**B.    Rule 55 Plainly Mandates Entry of Default against Defendants Packwood and Donnellan.**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, *the clerk must enter the party's default*." Fed. R. Civ. P. 55(a) (emphasis added). As this Court had held, "[w]hen a defendant has failed to plead or otherwise defend, the clerk must enter the party's default." *Paddock v. Ballou*, 2018 WL 1902678, *1 (D. Id. Apr. 20, 2018).

*    *    *

Because Defendants Packwood and Donnellan were properly served with Major Worley's Complaint and Summons, but have failed to plead or otherwise respond to his complaint in a timely manner, the Clerk must enter default.

5

**CONCLUSION**

Because all three Defendants failed to provide any response to Major Worley's Motion (dkt. 2), despite having been properly served (and in the case of the Governor, entering an appearance and moving to dismiss), the Court must grant the instant Motion and enter a Preliminary Injunction as requested in Major Worley's Motion (dkt. 2, at 2.).

Moreover, because Defendants Packwood and Donnellan were properly served with Major Worley's Complaint and Summons, but have failed to plead or otherwise respond to his complaint in a timely manner, the Clerk must enter default.

Respectfully submitted,

/s/ Stephen F. Smith
Stephen F. Smith
steve@smithmcowenlaw.com
Idaho Bar 2165
Smith & McOwen, Attorneys at Law
102 Superior Street
Sandpoint, ID 83864
Phone: (208) 263-3115

/s/ Daniel J. Schmid
Mathew D. Staver
Florida 0701092
court@lc.org
Horatio G. Mihet
Florida 026581
hmihet@lc.org
Daniel J. Schmid
Virginia 84415
dschmid@lc.org
Richard L. Mast
Virginia 80660
rmast@lc.org
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Facsimile: (407) 875-0770
*Attorneys for Plaintiff*