JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
**CHRISTINE G. ENGLAND, IDAHO STATE BAR NO. 11390**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
Email: Christine.England@usdoj.gov

*Attorneys for Federal Defendants Donnellan and Packwood*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAJOR DAVID T. WORLEY,<br><br>Plaintiff,<br><br>v.<br><br>BRAD LITTLE, in his official capacity as Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard; MAJOR GENERAL TIMOTHY J. DONNELLAN, in his official capacity as Adjutant General of the Idaho National Guard; BRIGADIER GENERAL JAMES C. PACKWOOD, in his official capacity as Assistant Adjutant General of the Idaho Army National Guard,<br><br>Defendants. | Case No. 1:25-cv-00025-DKG<br><br>**THE UNITED STATES' STATEMENT OF INTEREST REGARDING PLAINTIFF'S MOTION FOR DEFAULT (ECF No. 17)** |

Pursuant to 28 U.S.C. § 517, the United States of America respectfully submits that there is good cause to deny Plaintiffs' Motion to Enter Preliminary Injunction Against All Defendants and Default On Defendants Packwood and Donnellan (ECF No. 17).[1]  Specifically, Plaintiff's

---

[1]  The United States files this statement of interest pursuant to 28 U.S.C. § 517, which authorizes the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States." 28 U.S.C. § 517.  The United States does not waive any defenses that Defendants Donnellan and Packwood may have in this action and expressly reserves any and all such defenses.

**THE UNITED STATES' STATEMENT OF INTEREST REGARDING PLAINTIFF'S**
**MOTION FOR DEFAULT (ECF No. 17)** - 1 -

motion should be denied because he has not properly served Defendants Major General Timothy J. Donnellan and Brigadier General James C. Packwood or the United States pursuant to Federal Rule of Civil Procedure 4. Accordingly, the Government's the time to respond to the Complaint and Plaintiff's motion has not begun to run.

Plaintiff sued Generals Donnellan and Packwood in their official capacities. As to the actions complained of in Plaintiff's Complaint, Generals Donnellan and Packwood were employees of the United States. *See* 28 U.S.C. § 2671. Moreover, under 10 U.S.C. § 10508(b)(3)(C), in any civil action arising out of personnel actions or conditions of employment in the Idaho National Guard, the United States shall be the sole defendant or respondent. Accordingly, to properly serve the Complaint, Plaintiff was required to comply with Rule 4(i) of the Federal Rules of Civil Procedure.

Among other things, Rule 4 requires plaintiffs suing "the United States and its Agencies, Corporations, Officers, or Employees" to both: (1) "deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;" and (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." *See* Fed. R. Civ. P. 4(i). Plaintiff has not done so.

Under the Federal Rules of Civil Procedure, the time for the Government to respond to a complaint does not begin to run until the United States Attorney is properly served. *See* Fed. R. Civ. P. 12(a)(2) (in cases involving official capacity claims against the United States, its agencies, officers or employees, the United States must serve an answer within 60 days after

**THE UNITED STATES' STATEMENT OF INTEREST REGARDING PLAINTIFF'S
MOTION FOR DEFAULT (ECF No. 17)** **- 2 -**

service on the United States Attorney). Accordingly, the Government's time to respond to Plaintiff's Complaint and motion has not begun to run.

Furthermore, a default may only be entered against a defendant that has been made a party to the action by service of process. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-86 (1988) (default judgment must be set aside for improper service, whether or not a meritorious defense exists); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4."). Here, the Government has not been made a party to this action because Plaintiff has not properly served the Government. Accordingly, Plaintiff's application for the entry of default must be denied under Rules 4(i) and 12(a) of the Federal Rules of Civil Procedure.

Respectfully submitted this 26th day of March, 2025.

> JUSTIN D. WHATCOTT
> ACTING UNITED STATES ATTORNEY
> By:
>
> */s/Christine G. England*
> CHRISTINE G. ENGLAND
> Assistant United States Attorney
> Attorneys for Defendant