RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

MATTHEW MAURER, ISB #12575
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
matthew.maurer@ag.idaho.gov

*Attorneys for Defendant
Governor Brad Little*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| MAJOR DAVID T. WORLEY, | Case No. 1:25-cv-00025-DCN |
| *Plaintiff,* | **RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST ALL DEFENDANTS AND DEFAULT AGAINST DEFENDANTS PACKWOOD AND DONNELLAN [DKT. 17]** |
| *v.* | |
| BRAD LITTLE, in his official capacity as Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard; MAJOR GENERAL TIMOTHY J. DONNELLAN, in his official capacity as Adjutant General of the Idaho National Guard; BRIGADIER GENERAL JAMES C. PACKWOOD, in his official capacity as Assistant Adjutant General of the Idaho Army National Guard, | |
| *Defendants.* | |

Governor Little had no involvement in the processes and actions Plaintiff complains of in the Complaint. This was detailed at length in the Governor's motion to dismiss all claims against him. Plaintiff does not have standing against the Governor and has failed to allege any facts upon which he is entitled to relief as to the Governor—the Governor had no causal role in the harms Plaintiff alleges and has no ability to redress those alleged harms. The Governor, therefore, is not the proper target of Plaintiff's requested preliminary injunction, and this Court should deny Plaintiff's request to enjoin the Governor.

## BACKGROUND

Plaintiff filed suit against Governor Little, Major General Donnellan, and Brigadier General Packwood on January 17, 2025. *See* Compl., Dkt. 1. Concurrently, Plaintiff filed a motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 2. The Governor was properly served with both filings on February 3, 2025, and timely responded on February 24, 2025. Dkts. 13 & 13-1.

On March 17, 2025, Plaintiff moved once again for a preliminary injunction against all defendants and specifically moved for default judgment against Defendants Donnellan and Packwood. Dkt. 17. In his supporting brief, Plaintiff argues that "Governor Little filed a responsive pleading to the Complaint but failed to respond in opposition to the Motion for Temporary Restraining Order and Preliminary Injunction." Dkt. 17-1 at 2. Plaintiff goes on to argue that he should be granted his requested preliminary relief because none of the defendants has filed a responsive pleading to his motion for temporary restraining order and preliminary injunction.

As of March 26, 2025, Defendants Donnellan and Packwood had not been properly served. *See* Dkt. 19 at 2.

## ARGUMENT

**I.  As detailed in his Motion to Dismiss papers, Governor Little had no involvement in the federal processes or actions Plaintiff seeks relief from here.**

Under U.S. code subsection 502(f) of title 32, a broad swath of National Guard activity falls within federal status. *See Jackson v. Tate*, 648 F.3d 729, 736 (9th Cir. 2011) (citing 32 U.S.C. § 502(f)(1)). This includes the activities of Plaintiff's Recruiting and Retention unit. *Id.* It also includes the equal opportunity (EO) complaint process that was the genesis of Plaintiff's claims. *See* Dkt. 2-1 at 2. The investigation into Plaintiff was also governed by federal law, as is clear from Plaintiff's own TRO/PI brief. *See* Dkt. 2-1 at 3 (referring to "AR 15-6," which is Army Regulation 15-6, the process "Major Worley was subjected to"). In other words, the processes Plaintiff was "subjected to," and the actions allegedly taken against him were *federal* processes being carried out by officials in their *federal* capacities. The Governor, as a wholly state official, is thus not a proper defendant and not a proper target for Plaintiff's requested relief.

**II.  As detailed in his Motion to Dismiss papers, Governor Little has no role in the requested relief Plaintiff seeks.**

In Plaintiff's prayer for relief, he demands that "Defendants will immediately cease any and all efforts to…curtail his active-duty status." Dkt. 1 at 40. This process, and the process whereby Major Worley was relieved of command, are both governed by federal law—National Guard Regulation (NGR) 600-5. The bottom line is that Governor Little has no role in

unwinding the federal processes Plaintiff complains of—he cannot redress the harms Plaintiff has alleged here.

## CONCLUSION

This Court should reject Plaintiff's request to enjoin the Governor for processes and actions he had no role in effecting and has no role in redressing. In other words, Plaintiff lacks standing for his claims for relief against the Governor—just as the Governor argued in his Motion to Dismiss. The Governor reiterates those arguments here and asks this Court to deny the Plaintiff's motion for Temporary Restraining Order and Preliminary Injunction.

DATED: April 7, 2025.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By: /s/ *Matthew L. Maurer*
MATTHEW L. MAURER
Deputy Attorney General

*Attorneys for Defendant*
*Governor Brad Little*

RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST ALL DEFENDANTS AND DEFAULT AGAINST DEFENDANTS PACKWOOD AND DONNELLAN [DKT. 17]—3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Stephen F. Smith
steve@smithmcowenlaw.com

Horatio G. Mihet
hmihet@lc.org

Daniel J. Schmid
dschmid@lc.org

*Attorneys for Plaintiff*

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid and addressed as follows:

Mathew D. Staver and Richard L. Mast
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854

court@lc.org
rmast@lc.org

*Attorneys for Plaintiff*

　　　　　　　　　　　　/s/ *Matthew L. Maurer*
　　　　　　　　　　　　Matthew L. Maurer

RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION AGAINST ALL DEFENDANTS AND DEFAULT
AGAINST DEFENDANTS PACKWOOD AND DONNELLAN [DKT. 17]—4