JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
**CHRISTINE G. ENGLAND, IDAHO STATE BAR NO. 11390**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
Email: Christine.England@usdoj.gov

*Attorneys for Federal Defendants Donnellan and Packwood*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

MAJOR DAVID T. WORLEY,

Plaintiff,

v.

BRAD LITTLE, in his official capacity as Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard; MAJOR GENERAL TIMOTHY J. DONNELLAN, in his official capacity as Adjutant General of the Idaho National Guard; BRIGADIER GENERAL JAMES C. PACKWOOD, in his official capacity as Assistant Adjutant General of the Idaho Army National Guard,

Defendants.

Case No. 1:25-cv-00025-DCN

**THE UNITED STATES' SECOND STATEMENT OF INTEREST REGARDING PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DEFAULT (ECF No. 22)**

Pursuant to 28 U.S.C. § 517, the United States submits this Second Statement of Interest to better explain why Major General Timothy J. Donnellan and Brigadier General James C. Packwood were employees of the United States under 28 U.S.C. § 2671 at the time of the actions complained of in Plaintiff's Complaint and reiterate that, under 10 U.S.C. § 10508(b)(3)(C), the

United States is the only proper defendant in any civil action arising out of personnel actions or conditions of employment in the Idaho National Guard.[1]

Plaintiff is wrong when he suggests that Generals Donnellan and Packwood were not federal employees at the time of the allegations in the Complaint. Accordingly, there remains good cause to deny Plaintiffs' Motion to Enter Preliminary Injunction Against All Defendants and Default On Defendants Packwood and Donnellan (ECF No. 17). Specifically, Plaintiff's motion should be denied because he has not properly served Generals Donnellan and Packwood or the United States pursuant to Federal Rule of Civil Procedure 4.

## I. Section 10508 commands that the only proper defendant in this case is the United States.

Under 10 U.S.C. § 10508(b)(3)(C), in any civil action arising out of personnel actions or conditions of employment in the Idaho National Guard, the United States shall be the sole defendant or respondent. Here, Plaintiff's Complaint clearly arises out of personnel actions; he is challenging his removal from his position (*see, e.g.*, Compl., ECF No. 1 ¶ 14). And Plaintiff's Reply (ECF No. 22) does not explain why 10 U.S.C. § 10508 does not apply in this case. Because the United States is the only proper defendant, Plaintiff must comply with Federal Rule of Civil Procedure 4(i).

## II. Under 28 U.S.C. § 2671, Generals Donnellan and Packwood were acting as employees of the United States at the time of the actions alleged in the Complaint.

Plaintiff sued Generals Donnellan and Packwood in their official capacities. Members of the Idaho National Guard serve both Idaho and the federal government, when needed. *Stirling v.*

---

[1] The United States files this statement of interest pursuant to 28 U.S.C. § 517, which authorizes the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States." 28 U.S.C. § 517. The United States does not waive any defenses that Defendants Donnellan and Packwood may have in this action and expressly reserves any and all such defenses.

*Minasian*, 955 F.3d 795, 798 (9th Cir. 2020). Members maintain simultaneous memberships in the Idaho Army or Air National Guard and in the Army or Air National Guard of the United States, which are reserve components of the U.S. Army and the U.S. Air Force, respectively. *See Perpich v. Dep't of Def.*, 496 U.S. 334, 345 (1990) (describing dual enlistment provisions enacted after World War I). When members are called into federal active duty status, they serve pursuant to Title 10 of the United States Code, under the command of the President of the United States. *See* 10 U.S.C. § 101(d)(1) (defining "active duty"); *Stirling*, 955 at 798. When not serving under Title 10, National Guard members serve under the command of the governor of their state or territory. *Id.* Under Title 32 of the United States Code, members are commanded by the governor but receive federal pay and benefits. *See* 10 U.S.C. § 101(d)(5) (defining "full-time National Guard duty" service pursuant to provisions of Title 32); *Stirling*, 955 F.3d at 798.

Under 28 U.S.C. § 2671, members of the National Guard who are engaged in training or duty pursuant to 32 U.S.C. §§ 115, 316, 502, 503, 504 or 505 are employees of the United States. In other words, "state Guardsmen are federal employees . . . when they engage in service that generally corresponds to full-time National Guard duty." *Stanford v. United States*, 992 F. Supp. 2d 764, 778 (E.D. Ky. 2014) (citing 28 U.S.C. § 2671 and 32 U.S.C. 101(19)).

Here, Plaintiff was serving under 32 U.S.C. § 502 at the time of the actions complained of in his Complaint. Plaintiff was in command of an Idaho Army National Guard Recruiting and Retention unit. (Compl. ¶ 3.) Recruiting activities performed by service members on active guard duty fall within the ambit of activities covered by 32 U.S.C. § 502(f). *Jackson v. Tate*, 648 F.3d 729, 736 (9th Cir. 2011). Accordingly, at the time of the actions alleged in Plaintiff's complaint, Plaintiff was acting as a federal employee.

Brigadier General Packwood was also engaged in duty under 32 U.S.C. § 502 at the time of the actions complained of in Plaintiff's Complaint. Specifically, General Packwood was acting under orders issued pursuant to that Section when he issued the Substituted Findings and Action Plan at issue on September 3, 2024. (ECF No. 1-4, Ex. C.) He was also acting under Section 502 orders on December 13, 2024, the date on which he relieved Plaintiff of his command, directed that Plaintiff's One Time Occasional Tour orders be curtailed, and directed that Plaintiff receive a General Officer Memorandum of Reprimand. (*Id.*) A copy of those orders is attached to the Declaration of Chief Warrant Officer Ryan M. Kohlbecker. Accordingly, Brigadier General James C. Packwood was an employee of the United States at the time of the actions alleged in the Complaint.

Although not serving under Section 502 orders, Major General Donnellan was also an employee of the United States at the time of the actions alleged in the Complaint. As the Adjutant General under 32 U.S.C. § 314 and 10 U.S.C. § 10508, Major General Donnellan supervised Brigadier General Packwood, Plaintiff, and every other Idaho Army National Guard member. In supervising federal employees, an Adjutant General acts in his federal capacity. *See Gilliam v. Miller*, 973 F.2d 760 (9th Cir. 1992); *Ohio Adjutant Gen. Dep't et al., v. Fed. Lab. Rels. Auth. et al.*, 598 U.S. 449 (2023) (a state National Guard is a federal agency when supervising full-time federal employees). Despite being a state employee, under the rare construct of the National Guard, Major General Donnellan acts as an agent of the federal government since he is acting as a federal employer. Being a state employee "does not preclude his simultaneously being a federal agency." *Lipscomb v. Fed. Lab. Rels. Authority*, 200 F. Supp. 2d 650 (S.D. Miss 2001); *see also Chaudoin v. Atkinson*, 494 F.2d 1323, 1329 (3d Cir. 1974) (although an adjutant general was a state rather than a federal officer unless called into active

service, he was also an "agency or agent" of the United States); *Ohio Adjutant Gen. Dep't et al.*, 598 U.S. 449 (2023) (a state National Guard is a federal agency when supervising full-time federal employees). Regardless of what "hat" the Adjutant General wears, state or federal, he is obligated to administer and supervise Title 32 personnel in accordance with federal law and regulation. *See, e.g.*, 32 U.S.C. § 105(a)(8), 32 U.S.C. § 501(a), 10 U.S.C. § 10508(2)-(3).

Plaintiff's Reply does not address 28 U.S.C. § 2671. Instead, Plaintiff misapplies *Gilliam v. Miller*, 973 F.2d 760 (9th Cir. 1992). In *Gilliam*, the Oregon Adjutant General argued that he acted in his *federal capacity* when discharging two *federal* civilian technicians from their positions, but in his state capacity when he terminated them from the Oregon National Guard.[2] The Ninth Circuit agreed. But *Gilliam's* holding regarding termination from the Oregon National Guard is inapposite here for at least four reasons.

First, unlike the employees in *Gilliam*, Brigadier General Packwood, Plaintiff, his subordinate Soldier, his immediate Commander, and the Investigating Officer were not federal civilian technicians.[3] Instead, all were acting as National Guard Members under 32 U.S.C. § 502. And pursuant to 28 U.S.C. § 2671, members of the National Guard acting under Section 502 are employees of the United States.

Second, *Gilliam* does not address 10 U.S.C. § 10508(b)(3)(C), which provides that in any civil action arising out of personnel actions or conditions of employment in the Idaho National

---

[2] Federal civilian technicians are "rare birds," occupying "both civilian and military roles. They serve as 'civilian employee[s]' engaged in organizing, administering, instructing, training, or maintenance and repair of supplies to assist the National Guard. Yet, they must as a condition of that employment ... maintain membership in the [National Guard] and wear a uniform while working. *Ohio Adjutant Gen.'s Dep't,*598 at 453, (2023)

[3] Moreover, it is unclear whether *Gilliam* remains good law in light of *Ohio Adjutant Gen.'s Dep't*, 598 U.S. 449 (2023). In *Ohio Adjutant General's Department*, the Supreme Court concluded state adjutants general act on behalf of the federal government in supervising civilian technicians. *Id.* at 459.

Guard, the United States shall be the sole defendant or respondent. Plaintiff fails to explain why his lawsuit is excluded from Section 10508(b)(3)(C).

Third, unlike *Gilliam*, in this case, the State and the United States agree that Generals Donnellan and Packwood were acting in a federal capacity at the time of the actions alleged in the Complaint. And Plaintiff has presented no evidence to the contrary.

Finally, *Gilliam* involved former dual status technicians under 32 U.S.C. § 709 who collaterally challenged their civilian technician removal based on their military separation from the Oregon National Guard. Here, Plaintiff is neither a dual status military technician under 32 U.S.C. § 709, nor is he subject to separation from the Idaho National Guard. Rather, he is challenging the curtailment of his full-time 32 U.S.C. § 502 orders, which is a separate federal personnel action.

The remaining cases that Plaintiff cites are both inapposite and not precedential. Like *Gilliam*, *Singleton v. Merit Sys. Prot. Bd.*, 244 F.3d 1331 (Fed. Cir. 2001) concerned a federal civilian technician, not National Guard Members serving pursuant to 32 U.S.C. § 502. Moreover, the holding in *Singleton* has been undermined by subsequent action by Congress and case law clarifying the federal agent role of the adjutant general when he or she acts as an employer of federal employees. *See Ohio Adjutant Gen. Dep't*, 598 U.S. at 454 ("[w]hile it is state adjutants general who 'employ and administer' dual-status technicians working for their respective State National Guard units, they can only do so pursuant to an express 'designat[ion]' of authority by the Secretary of the Army or the Secretary of the Air Force."); *Erdel v. Dep't of the Army*, No. 2023 M.S.P.B. 27, 2023 WL 8623578, at *4 (M.S.P.B. Dec. 12, 2023 (noting that *Singleton* has been abrogated by Congressional action); *Bradley v. Dep't of the Air Force*, No. DA-1221-22-0365-W-1, 2024 WL 95347, at *3 (M.S.P.B. Jan. 8, 2024) (same). Like in

*Singleton*, there is likewise no suggestion that the employees in *Zitser v. Walsh*, 352 F. Supp. 438, 440 (D. Conn. 1972) or *Holmes v. Cal. Army Nat'l Guard*, 920 F. Supp. 1510 (N.D. Cal. 1996) were serving pursuant to 32 U.S.C. § 502 or that the challenged actions involved in those cases were subject to 10 U.S.C. § 10508(b)(3)(C).

Because Generals Donnellan and Packwood were serving pursuant to 32 U.S.C. § 502, they were federal employees under 28 U.S.C. § 2671 and Plaintiff must comply with Federal Rule of Civil Procedure 4(i).

### III. Default judgment is not appropriate under these circumstances.

To the extent that the Court concludes that Generals Donnellan and Packwood were acting in their capacity as State employees, default judgment would be wholly inappropriate. Neither Major General Donnellan nor Brigadier General Packwood engaged in culpable conduct that led to the default. Instead, they were following the direction of the State and the United States. *See, e.g., Franchise Holding II, LLC. v. Huntington Rest. Grp., Inc.,* 375 F.3d 922, 926 (9th Cir. 2004).

## CONCLUSION

In short, pursuant to federal statute, Generals Donnellan and Packwood were federal employees at the time of the actions complained of in Plaintiff's complaint. Accordingly, Plaintiff must comply with Federal Rule of Civil Procedure 4(i).

Respectfully submitted this 28th day of April, 2025.

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:

*/s/ Christine G. England* _________________
CHRISTINE G. ENGLAND
Assistant United States Attorney