UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAJOR DAVID T. WORLEY,<br><br>     Plaintiff,<br><br>v.<br><br>BRAD LITTLE, in his official capacity as Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard; MAJOR GENERAL TIMOTHY J. DONNELLAN, in his official capacity as Adjutant General of the Idaho National Guard; and BRIGADIER GENERAL JAMES C. PACKWOOD, in his official capacity as Assistant Adjutant General of the Idaho Army National Guard,<br><br>     Defendants. | Case No. 1:25-cv-00025-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are a Motion to Dismiss filed by Defendant Governor Brad Little (Dkt. 13), and three motions filed by Plaintiff David Worley: a Motion for Default Against Defendants Donnellan and Packwood (Dkt. 17), and two Motions for Temporary Restraining Order and Preliminary Injunction (Dkt. 2; Dkt. 17).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions on the record and without oral argument.

MEMORANDUM DECISION AND ORDER - 1

Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court GRANTS Governor Little's Motion to Dismiss and DENIES Worley's Motion for Default and Motions for Temporary Restraining Order and Preliminary Injunction.

## II. BACKGROUND

In this case, Worley alleges Defendants Little, Donnellan, and Packwood violated his First Amendment Rights by stripping him of his command with the Idaho National Guard due to their disagreement with religious and political views Worley posted online prior to his tenure in command. Worley explains he was reported to his superior officers, Defendants Donnellan and Packwood, by a subordinate for the aforementioned political and religious internet posts. Worley was then asked to resign by Donnellan and Packwood lest more formal disciplinary proceedings begin, which Worley did. After discussion with counsel, and due to his own beliefs, Worley decided to rescind the resignation and a formal inquiry into the original complaint was launched by Donnellan and Packwood. This inquiry resulted in the ultimate loss of Worley's command.

Worley initially filed a Complaint (Dkt. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 2). Worley served summons directly on Defendants Little, Packwood, and Donnellan. Dkts. 9-11. Little then filed a Motion to Dismiss arguing he is immune from suit and that Worley failed to state a claim against him. Dkt. 13. Worley then filed a Motion to Enter Preliminary Injunction against All Defendants and for Entry of Default Against Defendants Donnellan and Packwood because each failed to respond to his initial Motion for Temporary Restraining Order. Dkt. 17.

Pursuant to 28 U.S.C. § 517, the United States of America filed two statements of

interest setting forth its position on certain matters—specifically service. Dkts. 19, 23.

### III. LEGAL STANDARD

*1. Motion to Dismiss under 12(b)(1) and 12(b)(6).*

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss claims for lack of subject matter jurisdiction. Fed R. Civ. P. 12(b)(1). The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "Dismissal for lack of jurisdiction is not warranted to the extent that the complaint pleads facts from which federal jurisdiction clearly may be inferred." *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "failed to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation modified). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1122.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. In other words, the claim for relief must be "plausible on its face." *Id.* at 570. A plausible complaint is one that allows the reviewing court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2. *Motion for Default*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

### 3. *Temporary Restraining Order and Preliminary Injunction*

"A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, (2008) (citation modified).

# IV. DISCUSSION

## A. Motion to Dismiss (Dkt. 13)

The Eleventh Amendment generally bars the federal courts from entertaining suits brought by a private party against a state or its instrumentality in the absence of state consent. *Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 714 F.2d 946, 950 (9th Cir.1983), *cert. denied*, 467 U.S. 1209 (1984). An exception to this rule exists under *Ex Parte Young* wherein a private citizen can sue a state officer for upholding an unconstitutional law, so long as there is "some connection" between the named state officer and enforcement of the challenged state law. *See Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir.1992). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.*

Here, taking all averments in Worley's complaint as true,[1] there is no indication that Governor Little's role as commander-in-chief of the Idaho National Guard provides the "fairly direct" connection to the disciplinary policy purportedly implemented by Defendants Packwood and Donnellan. As *Ex Parte Young* does not strip Little of his immunity as governor of Idaho in this case, the Court does not have jurisdiction over the claims against him. Therefore, Little is dismissed from this case.

---

[1] Governor Little is mentioned just twice in Worley's 45-page complaint. Both instances are perfunctory at best. First, in the opening paragraph of his Complaint, Worley states he is suing Governor Little "in his official capacity as Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard." Dkt. 1, at 2. Second, in his section outlining the parties in the case, Worley lists "Defendant, BRAD LITTLE, is the Governor of the State of Idaho and Commander-in-Chief of the Idaho National Guard. Governor Little is sued in his official capacity." *Id.* at 11. There are no other allegations, facts, or information as to Governor Little and his involvement, oversight, or connection to the conduct Worley complains of in his Complaint.

**B. Motion for Default (Dkt. 17)**

A defendant can only fail to plead or defend a case against them if they have been properly served. Worley sued Defendants Packwood and Donnellan in their official capacities as officials of the Idaho National Guard. Dkt. 1. Therefore, service must be affected in the manner described in Federal Rule of Civil Procedure 4(i), which establishes the procedure for serving the United States, its agencies, corporations, officers, and employees. *See* 10 U.S.C. § 10508(b)(3)(C) (explaining that "in any civil action arising out of personnel actions or conditions of employment in the Idaho National Guard, the United States shall be the sole defendant or respondent"). As the United States pointed out in its two notices, it (the United States) is the only proper defendant in this case. Worley, however, has neither named the United States as a defendant nor attempted service on them.

Worley has not provided any evidence to suggest the service requirements of Rule 4(i) have been completed. Moreover, there is no way to serve Packwood or Donnellan properly because they cannot be proper defendants in this type of action, per 10 U.S.C. § 10508(b)(3)(C).Therefore the Motion for Default as to Defendants Packwood and Donnellan is denied. And, because Defendants Packwood and Donnellan cannot be made proper parties to this case, they are dismissed.

**C. Motions for Temporary Restraining Order and Preliminary Injunction (Dkts. 2, 17)**

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an

injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008) (citation modified). The elements for a temporary restraining order and preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co., Inc. v. John D. Bursh & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Worley has filed two motions for a temporary restraining order and preliminary injunction. Dkt. 2; Dkt. 17. The first motion bases its argument on the *Winter* factors and the second argues the motion should be granted based simply on the fact that Defendants Little, Packwood, and Donnellan did not respond to the first motion. *Id.*

With what is available in the record for this case, it is not obvious that Worley is likely to succeed on the merits of his claim. Worley's claims center around an alleged policy created and promulgated by the commanders of the Idaho National Guard called "No Christians in Command." *See generally* Dkt. 1. It is not clear to the Court that this policy exists. Worley has not offered any documents that show that this policy is written down formally the way other Idaho National Guard policies would be. Worley also did not provide or allege any examples of this purported policy being used widely or systematically against other members of the Idaho National Guard. This is not to say Worley is unlikely to succeed on the merits of his claims, just that there is not enough here for the Court to grant a temporary restraining order or preliminary injunction based on the *Winter* elements at this time. As explained, a temporary restraining order is an extreme remedy. Worley has not carried his burden of persuasion at this stage to obtain such relief.

Moreover, the argument that the temporary restraining order and preliminary injunction should be granted because it was not responded to is unavailing. As explained

MEMORANDUM DECISION AND ORDER - 7

above, Defendants Little, Packwood, and Donnellan are not proper defendants, thus, are not required to respond. Therefore, the aforementioned motions will be denied.

## V. ORDER

1. Defendant Governor Little's Motion to Dismiss (Dkt. 13) is GRANTED. Little is dismissed as a Defendant in this case.

2. Worley's Motion for Entry of Default Against Defendants Donnellan and Packwood (Dkt. 17) is DENIED.

3. Worley's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 2) is DENIED.

4. Worley's Motion to Enter Preliminary Injunction against All Defendants (Dkt. 17) is DENIED.

5. James C. Packwood is dismissed as a Defendant in this case.

6. Timothy J. Donnellan is dismissed as a Defendant in this case.

7. Worley is granted leave to amend the Complaint within twenty-one (21) days from the date of this Order to name and serve the proper Defendant(s) in this case.

DATED: February 12, 2026

David C. Nye
U.S. District Court Judge